IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AHNEEF GRAVES,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-1786 |
| : | |
| **JOHNATHON MAURICE BYRD,** : | |
|     Defendant. : | |

## MEMORANDUM

**PEREZ, J.**                                                                                                                    **APRIL 14th , 2025**

    Plaintiff Ahneef Graves brings tort claims against Defendant Johnathon Maurice Byrd stemming from a vehicle collision.  For the following reasons, the Court will grant Graves's Motion for Leave to Proceed *In Forma Pauperis* and dismiss his Complaint for lack of subject matter jurisdiction without prejudice to him refiling his claims in state court.

**I.     FACTUAL ALLEGATIONS**[1]

    Graves alleges that on December 13, 2024, at approximately 2:30 a.m., Byrd's vehicle struck his vehicle, causing medical injuries and the "total loss" of Graves's car.  (Compl. at 1, 2.) Graves also contends that Byrd "filed a false police report," presumably based on the incident, which led to "additional financial harm and mental anguish."  (*Id.* at 1.)  Although Graves used state court forms and addressed the envelope in which he submitted his filings to the Philadelphia Court of Common Pleas, (*id.* at 4), he nevertheless submitted his paperwork to this Court, which is a federal court.  Graves seeks $500,000 in damages on his claims.  (*Id.* at 3.)

---

[1] The following allegations are taken from the Complaint.  The Court adopts the pagination supplied by the CM/ECF docketing system.

**II.    STANDARD OF REVIEW**

The Court grants Graves leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Graves is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Graves's Complaint is best construed as raising tort claims under Pennsylvania law based on the December 13, 2024 vehicle collision. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d

---

[2] In making this determination, the Court has considered Graves's Motion for Leave to Proceed *In Forma Pauperis*, (ECF No. 1), and the Affidavit docketed with his Complaint, which contains financial information pertinent to his *in forma pauperis* request, (ECF No. 2-1).

244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Graves does not allege the citizenship of the parties and his use of Pennsylvania addresses for himself and Byrd suggests that the parties are both Pennsylvania citizens. Since the jurisdictional requirements are not satisfied, this Court lacks the ability to hear Graves's case. Accordingly, the Court will dismiss this case for lack of jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Graves leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile under the circumstances of this case, but notes that this dismissal is without prejudice to Graves filing his claims in the proper state court, where federal jurisdiction will not be an issue.[3] A final Order follows.

**BY THE COURT:**

_____
**MIA R. PEREZ, J.**

---

[3] The Court expresses no opinion on the merits of Graves's claims.